650 F.2d 19
 107 L.R.R.M. (BNA) 2426, 91 Lab.Cas. P 12,769
 William A. PASCARELL, Acting Regional Director of the
Twenty-Second Region of the National Labor
Relations Board, for and on behalf of
the National Labor Relations Board,
v.
NEW YORK SHIPPING ASSOCIATION, INC., Council of North
Atlantic Shipping Associations, International Longshoremen's
Association, AFL-CIO, Atlantic Coast District, International
Longshoremen's Association, AFL-CIO
and
West Gulf Maritime Association, Southeast Florida Employers'
Association, Mobile Steamship Association, Inc. and the
South Atlantic and Gulf Coast District International
Longshoremen's Association, AFL-CIO New York Shipping
Association, Inc., Council of North Atlantic Shipping
Associations, International Longshoremen's Association,
AFL-CIO and Atlantic Coast District, International
Longshoremen's Association, AFL-CIO, Appellants.
 No. 81-1308.
 United States Court of Appeals,
Third Circuit.
 Argued April 22, 1981.
Decided May 20, 1981.
 
 C. P. Lambos (argued), Donato Caruso, Lorenz, Finn, Giardino & Lambos, New York City, for New York Shipping Association, Inc.
 Thomas W. Gleason, (argued), Ernest L. Matthews, Jr., New York City, for International Longshoremen's Association, AFL-CIO and Atlantic Coast District, International Longshoremen's Association, AFL-CIO.
 Francis A. Scanlan, Deasey, Scanlan & Bender, Ltd., Philadelphia, Pa., for Council of North Atlantic Shipping Associations.
 William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Harold J. Datz, Associate Gen. Counsel, Joseph E. Mayer, Asst. Gen. Counsel, Joseph P. Norelli, Deputy Asst. Gen. Counsel, James Holcomb (argued), Atty., N. L. R. B., Washington, D. C.
 J. Alan Lips, (argued), Mark S. Sauter, Thomas R. Schuck, Taft, Stettinius & Hollister, Cincinnati, Ohio, (Nelson J. Cooney, Alan J. Thiemann, American Trucking Associations, Inc., Washington, D. C., of counsel), S. Joseph Fortunato, Pitney, Hardin & Kipp, Morristown, N. J., for American Trucking Associations, Inc.
 Raymond P. deMember, Garson, deMember & Weiner, Fairfax, Va., Martin Schneiderman, Felice Busto, Steptoe & Johnson, Washington, D. C., for International Association of NVOCCS and Twin Express, Inc.
 Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 The New York Shipping Association, Inc. (NYSA), the International Longshoremen's Association, AFL-CIO (ILA), and others, appeal from a preliminary injunction issued pursuant to Section 10(l ) of the National Labor Relations Act, 29 U.S.C. § 160(l ), on a petition brought by William A. Pascarell, Acting Regional Director, on behalf of the National Labor Relations Board (the Board). The injunction prohibits the defendants from implementing certain provisions of a collective bargaining agreement between NYSA and ILA pending resolution of charges before the Board that those provisions, the Rules on Containers, violate Section 8(b)(4)(ii)(B) of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4)(ii)(B). Prior stages of this ongoing dispute are set out in NLRB v. International Longshoremen's Ass'n, 447 U.S. 490, 100 S.Ct. 2305, 65 L.Ed.2d 289 (1980); Consolidated Express Inc. v. New York Shipping Ass'n, Inc., 641 F.2d 90 (3d Cir. 1981), mandamus and prohibition denied, In re International Longshoremen's Association, -- U.S. --, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981); Consolidated Express, Inc. v. New York Shipping Ass'n, 602 F.2d 494 (3d Cir. 1979), vacated and remanded, 448 U.S. 902, 100 S.Ct. 3040, 65 L.Ed.2d 1131 (1980); Balicer v. International Longshoremen's Ass'n, 364 F.Supp. 205 (D.N.J.), aff'd mem., 491 F.2d 748 (3d Cir. 1973). In the Balicer case the Regional Director on behalf of the Board obtained a Section 10(l ) injunction preventing the operation of the Rules on Containers pending resolution of unfair labor practice charges pending before the Board. Since the charges involved alleged violations of Section 8(b)(4) that application was, under Section 10(l ), mandatory. Compare Section 10(j), 29 U.S.C. § 160(j). A preliminary injunction issued, and thus from 1973 to date the Rules on Containers were never operative. The Board in a number of cases held that the Rules on Containers did in fact violate Section 8(b)(4). The effect of those decisions was to prevent implementation of the Rules. On June 20, 1980, however, the Supreme Court held that in deciding the Section 8(b)(4) charges the Board had applied on incorrect legal standard, and remanded for further consideration. N.L.R.B. v. International Longshoremen's Ass'n, supra.
 
 
 2
 The status quo from 1973 through 1980 was that the Rules on Containers were inoperative. This permitted continued operation of the businesses of certain freight consolidators who employed teamsters rather than longshoremen. Late in 1980, NYSA and ILA agreed to institute implementation of the Rules beginning January 2, 1981. Meanwhile, pursuant to the Supreme Court's mandate, the Board conducted an investigation of the Section 8(b)(4) charges in light of the Court's opinion, and concluded that complaints should be processed. That conclusion triggered the mandatory Section 10(l ) duty to petition for injunctive relief pending the Board's final adjudication. By the time the district court considered that petition it was clear that the defendants intended to implement the Rules. Such implementation would drastically alter the status which prevailed from 1973 through 1980, by depriving the freight consolidators and their employees of business they had enjoyed for years. The district court issued a Section 10(l ) injunction prohibiting implementation of the Rules pending the Board's decision on the pending charges. This appeal followed. Several objections to the district court order are advanced, none of which are meritorious.
 
 
 3
 First NYSA and ILA contend that the district court should not have entertained a Section 10(l ) application, but should have referred the Board to the Court of Appeals from which the pending unfair labor practice cases were remanded for consideration of pendente lite relief. We reject that contention because it is plainly inconsistent with the structure of the Act. Authority of Courts of Appeals to enforce the prohibitions against unfair labor practices depends on 28 U.S.C. § 2112 and Section 10(e) of the Act, 29 U.S.C. § 160. Those statutes provide for enforcement of Board orders. Section 10(e) authorizes appropriate temporary relief, but only in connection with enforcement of a Board order. The Board's unfair labor practice orders have been vacated. The Board itself lacks authority to order pendente lite relief, but must apply for such relief to a district court pursuant to Section 10(j) or (l). Undoubtedly the Congressional decision to direct the Board to the district courts for temporary relief reflects the reality that such relief will require the creation of some kind of factual record in advance of the creation of the Board's adjudicative record. The creation of such a record is a task for which an appellate court is unsuited. We do not hold that a court of appeals reviewing a Board decision pursuant to Section 10(e) lacks the power to enforce a Board order pending a remand. See 28 U.S.C. § 1651. We hold only that if there is such power it in no way preempts the district court's section 10(l ) authority or the Board's Section 10(j) discretion and Section 10(l ) duty.
 
 
 4
 Next, NYSA and ILA contend that the district court erred in issuing a preliminary injunction upon a finding that there is reasonable cause to believe an unfair labor practice is present and the Board's legal theory is substantial and not frivolous. In applying that standard the district court applied the settled law of this circuit. Consolidated Express Inc. v. New York Shipping Ass'n Inc., 641 F.2d 90 (3d Cir. 1981), mandamus and prohibition denied, In Re International Longshoremen's Association, -- U.S. --, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981); Hirsch v. Building & Construction Trades Council of Philadelphia & Vicinity, 530 F.2d 298 (3d Cir. 1976); Samoff v. Building & Construction Trades Council of Philadelphia & Vicinity, 475 F.2d 203 (3d Cir.), vacated for mootness, 414 U.S. 808, 94 S.Ct. 151, 38 L.Ed.2d 44 (1973); Schauffler v. Local 1291, International Longshoremen's Ass'n, 292 F.2d 182 (3d Cir. 1961). This panel is not free to disregard those cases. Moreover, for the reasons set forth therein we are convinced the rule they announce is sound.
 
 
 5
 Finally, NYSA and ILA contend that even assuming the Hirsch-Samoff-Schauffler test for determining whether pendente lite relief is appropriate the district court must under Section 10(l ) determine what injunctive relief is "just and proper." Obviously the language of the statute would permit the district court to decline an injunction when there was no actual threat that the unfair labor practice charged before the Board was likely to continue pendente lite. That is not our situation, however, for NYSA and ILA agreed in late 1980 to change the status quo effective January 2, 1981, by putting into effect Rules on Containers which up to then had not been in operation. Those Rules involve non-frivolous substantial unfair labor practice charges. Given the fact that the Board's obligation to seek pendente lite relief against Section 8(b)(4) violations is mandatory, we cannot hold that the trial court erred in refusing to permit a change in the status quo by authorizing operation of the Rules, and putting the freight consolidators out of business, while the Board hearing went forward.
 
 
 6
 The judgment appealed from will be affirmed.